# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

## CIVIL ACTION NO. 5:15-CV-071-RLV-DCK

| | |
|---|---|
| BETTY ADAMS<br><br>              Plaintiff,<br><br>  v.<br><br>MEDTRONIC MINIMED, INC. a Delaware corporation; MEDTRONIC, INC., a Minnesota corporation; and DOES 1 through 100, inclusive,<br><br>              Defendants. | **STIPULATION AND PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED by and between the parties to this action, Betty Adams ("Plaintiff") and Defendants Medtronic MiniMed, Inc. and Medtronic, Inc. (collectively, "Medtronic" or "Defendants"), and their undersigned counsel as follows:

1. All materials and copies, transcriptions, or other reproductions of materials (hereinafter "The Materials") produced in this action pursuant to the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the Western District of North Carolina, or by order of this Court, or otherwise, and which contain, describe, identify or refer to trade secrets, information of a confidential, proprietary or sensitive nature, or information subject to any applicable data privacy statutes and regulations (*e.g.*, the Health Insurance Portability and Accountability Act ("HIPAA") and similar statutes and regulations), shall be stamped "CONFIDENTIAL" by the producing party and shall be subject to the provisions of this Stipulation and Protective Order.

2. Counsel for a party to this action may challenge the "CONFIDENTIAL" designation made by the producing party of any of The Materials by first requesting a "meet and confer" with the producing party in an attempt to amicably resolve the challenge. In the event agreement cannot be reached, the challenging party may file a motion with this Court, and in such motion shall describe with specificity the particular materials for which the designation is being challenged and set forth with specificity any and all grounds for the challenge. It is agreed that the party seeking to maintain The Materials as "CONFIDENTIAL" bears the burden of proof as to such designation. The Materials designated "CONFIDENTIAL" shall continue to be treated as such and subject to the provisions of this Stipulation and Protective Order pending determination by the Court of the merits of any such a challenge.

3. The Materials designated "CONFIDENTIAL" shall be used for purposes of <u>this action only</u> and for no other action or purpose whatsoever and shall not, without leave of this Court or as set forth in paragraph 4 below, be disclosed to any person or entity other than this Court (under seal) and the parties to this action and their counsel.

4. The disclosure by counsel or co-counsel for a party to this action of The Materials to experts or other consultants retained by the disclosing counsel to assist counsel in the adjudication of this action, and for no other purpose, shall not constitute a violation of, or a waiver of, the protections afforded by this Stipulation and Protective Order so long as the person to whom disclosure is made has executed an Affidavit in the form attached hereto as <u>Exhibit A</u> and a list is maintained of the "CONFIDENTIAL" materials which were disclosed to that person. A copy of each executed Affidavit in the form attached hereto as <u>Exhibit A</u> shall be maintained by counsel for Plaintiff or Defendants, respectively. If and when an expert is disclosed by a party, if requested, that party shall provide opposing counsel with a copy of the heretofore referenced executed

Affidavit. Paralegals and clerical staff employed by the disclosing counsel's office shall not be required to execute an Affidavit. Except for general counsel and in-house litigation counsel for the non-designating parties, together with their respective associate attorneys and office personnel employed or engaged in the preparation for, or aiding in the trial of, this action, "CONFIDENTIAL" materials cannot be disclosed or shared with any other legal counsel who have not entered an appearance as co-counsel in this action.

5. In the event The Materials themselves, or the contents of The Materials designated "CONFIDENTIAL" are to be identified, discussed, or disclosed during a deposition taken in this action of any person or entity other than those persons or entities described in paragraphs 3 and 4 above, the deponent shall be required to acknowledge on the record, before any identification, discussion, or disclosure of The Materials occurs that he or she has been advised of and has agreed to be bound by the terms of this Stipulation and Protective Order.

6. All portions of any deposition transcript taken in this action wherein The Materials themselves, or the contents of The Materials designated "CONFIDENTIAL" are identified, discussed, or disclosed, shall also be designated as "CONFIDENTIAL" and shall be subject to the terms of this Stipulation and Protective Order.

7. In the event that counsel for a party wishes to identify, discuss, or disclose The Materials or the contents of The Materials designated "CONFIDENTIAL" during the course of pre-trial or trial proceedings, he or she shall, prior to each identification, discussion, or disclosure make reference to the confidential nature thereof to the Court and to counsel for the party which produced The Materials; and counsel for the producing party may at that time, or after such identification, discussion, or disclosure, request that The Materials or the contents of the Materials

designated "CONFIDENTIAL" be filed under seal with this Court and be subject to the terms of this Stipulation and Protective Order.

8. In the event The Materials designated as "CONFIDENTIAL" or transcripts or other things wherein The Materials or the contents of The Materials designated "CONFIDENTIAL" are identified, discussed, or disclosed, are filed or are otherwise deposited with the Clerk of this Court, such materials shall be filed or deposited in a sealed envelope bearing the following designation:

> **"CONFIDENTIAL: THE CONTENTS OF THIS ENVELOPE ARE SUBJECT TO A PROTECTIVE ORDER OF THIS COURT AND SHALL NOT BE SHOWN TO ANY PERSONS OTHER THAN A JUDGE OF THIS COURT OR AN ATTORNEY IN THIS CASE."**

9. Counsel for a party shall not, in the presence of the jury, comment on the reasons or motivation for designating The Materials as "CONFIDENTIAL" without first having obtained permission of the Court to do so.

10. This Stipulation and Protective Order shall be binding throughout and after final adjudication of this action, including but not limited to, final adjudication of any appeals and petitions for extraordinary writs.

11. At the conclusion of this matter and after all final appeals have been taken, counsel for the party receiving The Materials shall execute an Affidavit in the Form attached hereto as Exhibit B, and will abide by any order of the Court regarding the ultimate disposition of The Materials upon the completion of litigation.

12. The inadvertent production or disclosure of any privileged or protected documents or materials (hereinafter the "Privileged Materials") protected by the attorney-client privilege, the attorney work-product doctrine, a joint-defense privilege, or any other applicable privilege, immunity, or protective doctrine (collectively a "Privilege") shall not constitute, or be considered as a factor suggesting, a waiver or impairment of any claims of such Privilege. In the event of

inadvertent production or disclosure, the producing party may provide written notice that Privileged Materials have been inadvertently produced or disclosed. Within seven (7) days of receipt of such notice, any person that has received such Privileged Materials shall return to the producing party all such Privileged Materials and any copies thereof in its possession and shall make reasonable efforts to reclaim and return all such Privileged Materials.

13. Any party receiving materials that, on their face, appear to be covered by a Privilege, shall provide prompt notice of the disclosure to the producing party to afford the producing party the opportunity to designate the materials as inadvertently produced Privileged Materials subject to the claw-back provision in Paragraph 12.

14. Nothing herein shall prevent any party from seeking further or greater protection from the Court with respect to the treatment of Privileged Materials in connection with this action, and nothing herein shall be construed to affect the evidentiary admissibility of any documents, testimony, information or other materials.

15. Nothing in this Stipulation and Protective Order shall be construed to preclude any party from otherwise seeking a modification of this Stipulation and Protective Order.

16. Nothing in this Stipulation and Protective Order shall be construed to prevent this Court from disclosing any facts relied upon by it in making or rendering any finding, ruling, order, judgment or decree of whatever description.

17. The ultimate disposition of The Materials designated as "CONFIDENTIAL" shall be subject to a final order of the Court upon the completion of litigation.

Dated: March ___, 2016        **HOUSSIERE, DURANT & HOUSSIERE, LLP**

By:_____
   Charles R. Houssiere, III *(admitted pro hac vice)*
   Jonathan M. Brooks
Suite 800
1990 Post Oak Boulevard
Houston, TX 77056-3812
Email:  choussiere@hdhtex.com
         jmbrooks@hdhtex.com

*-and-*

Walter E. Daniels III
**DANIELS LAW FIRM, P.C.**
Suite 502
14 South Park Square
Asheville, NC 28801
Email:  walter@danielslawfirm.net

**ATTORNEYS FOR PLAINTIFF**

Dated: March 2, 2016        **MASLON LLP**

By:   s/ D. Scott Aberson
     D. Scott Aberson *(admitted pro hac vice)*
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140
Telephone: 612-672-8200
Email: scott.aberson@maslon.com

*-and-*

Samuel H. Poole, Jr.
Todd A. King
**CRANFILL SUMNER & HARTZOG LLP**
Suite 200
2907 Providence Road
Charlotte, NC 28211
Telephone: 704-332-8300
Email: shp@cshlaw.com
       tak@cshlaw.com

**ATTORNEYS FOR DEFENDANTS MEDTRONIC MINIMED, INC. AND MEDTRONIC, INC.**

IT IS SO ORDERED.

Signed: March 8, 2016

David C. Keesler
United States Magistrate Judge

# EXHIBIT A

## AFFIDAVIT OF _____

STATE OF _____ )
                                 ) ss:
COUNTY OF _____ )

Before me, the undersigned Notary Public, in and for said County and State, personally appeared _____, who after first being duly sworn, states as follows:

1. My name is _____. I am over the age of 18 years and am a resident of _____ County, _____. I make this Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated herein.

2. I am aware that a Protective Order has been entered in *Adams v. Medtronic, Inc., et al.*, Case No. 5:15-cv-00071-RLV-DCK.

3. A copy of that Protective Order has been shown to me, and I have read and understand its contents.

4. By signing this Affidavit, I promise that I will use the materials and contents of the materials designated "CONFIDENTIAL" pursuant to the above-described Protective Order for the purpose of assisting counsel for a party to the above-described civil action in the adjudication of that action and for no other purpose.

5. By signing this Affidavit, I also promise that I will not communicate, disclose, discuss, identify, or otherwise use materials or the contents of materials designated "CONFIDENTIAL" pursuant to the above-described Protective Order with, to, or for any person or entity other than the Court, a party to the above-described civil action, counsel for a party to the above-described civil action, including other counsel, paralegals, and clerical staff employed in his or her office, persons permitted by the above-described Protective Order to attend depositions

taken in the above-described civil action, and persons or entities assisting such counsel who have executed an affidavit in the same form as this Affidavit.

6. By signing this Affidavit, I also promise that I will not copy, transcribe, or otherwise reproduce, or cause to be copied, transcribed, or otherwise reproduce, by any means whatsoever, any materials or the contents of any materials designated "CONFIDENTIAL" pursuant to the above-described Protective Order except to the extent to which I am directed to do so by counsel for a party to the above-described civil action, in which case all such copies, transcriptions, or reproductions shall be made solely for my own use in connection with my work in the above matter. I further promise at the conclusion of this case to deliver upon request all materials (originals and copies) designated "CONFIDENTIAL" to the counsel who originally directed that said materials be provided to me.

7. I understand that, by signing this agreement, I am agreeing to subject myself to the jurisdiction of this Court.

8. I understand that any use or distribution of the materials or contents of the materials designated "CONFIDENTIAL" pursuant to the above-described Protective Order in any manner contrary to the provisions of the Protective Order will subject me, among other things, to the summary sanctions of this Court for contempt.

FURTHER AFFIANT SAYETH NOT.

                                                        _____
                                                        Signature of Affiant

Subscribed and sworn to before me,
this ____ day of _____, 2016.

_____
      Notary Public

# **EXHIBIT B**

# **AFFIDAVIT OF** _____

STATE OF _____ )
                                      ) ss:
COUNTY OF _____ )

      Before me, the undersigned Notary Public, in and for said County and State, personally appeared _____, Esq., who after first being duly sworn, states as follows:

      1.      My name is _____. I am over the age of 18 years and am a resident of _____ County, _____. I make this Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated herein.

      2.      I have requested and received from _____ all of the materials, transcripts, and other things described in the Protective Order which was entered by the Court in *Adams v. Medtronic, Inc., et al.*, Case No. 5:15-cv-00071-RLV-DCK.

      3.      I have either destroyed or have attached hereto all of the materials, transcripts, and other things, including those materials which were returned to me by _____ in accordance with the preceding paragraph, described in the Protective Order which was entered by the Court in *Adams v. Medtronic, Inc., et al.*, Case No. 5:15-cv-00071-RLV-DCK.

      FURTHER AFFIANT SAYETH NOT.

_____
                      Signature of Affiant

Subscribed and sworn to before me,
this \_\_\_\_ day of _____, 2016.

_____
      Notary Public